# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FTC COMMERCIAL CORP., a California corporation,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>M&C APPAREL GROUP, INC., a California corporation,<br><br>　　　　　　　Defendant. | Case No. CV 08-08431 DMG (FFMx)<br><br>**ORDER TO REMAND FOR LACK OF SUBJECT MATTER JURISDICTION**<br><br>**JS-6** |

On July 6, 2010, the Court issued an order to show cause ("OSC") why the action should not be remanded to the Los Angeles County Superior Court given the absence of any federal claims in Plaintiff's second amended complaint. On July 20, 2010, Defendant filed its response.

In its response to the OSC, Defendant argues that the Court should exercise its discretion to retain jurisdiction over this action because Plaintiff has reserved its right to revive its trademark infringement claim and because resolution of Plaintiff's state law claims will require determination of trademark ownership. The Court disagrees. Here, as Defendant recognizes, the operative complaint no longer presents any federal question and the fact that Plaintiff may, in the future, raise a federal question does not provide a basis for subject matter jurisdiction. While Defendant argues that time and court

-1-

resources will be wasted and Defendants will be prejudiced should Plaintiff re-assert a federal question in the future, Defendant does not point to any inconvenience or prejudice to Defendant at this time.

Where no federal claims remain in an action, district courts generally decline to exercise jurisdiction over the remaining state law claims. *See* 28 U.S.C. § 1367(c)(e); *see also Carnegie-Melon University v. Cohill*, 484 U.S. 343, 350 n.8, 108 S. Ct. 614, 623, 98 L. Ed. 2d 720 (1988) (where "all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims"). If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action. Fed. R. Civ. P. 12(h)(3).

As no federal claims remain in this action, the Court lacks subject matter jurisdiction. The Court therefore REMANDS the action to the Los Angeles County Superior Court.

IT IS SO ORDERED.

DATED: July 30, 2010

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　
　　　　　　　　　　　　　　　　　　　　　　DOLLY M. GEE
　　　　　　　　　　　　　　　　　　　　　　United States District Judge